

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROSA GARCIA RAYMUNDO,

    Petitioner,

v.                                                                        No. 1:26-CV-004-H

MARCELLO VILLEGAS, et al.,

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Rosa Garcia Raymundo, a native and citizen of Guatemala, is one such alien, having illegally entered the United States over 20 years ago. Her habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either her release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Garcia Raymundo's due process claim is the only remaining non-foreclosed issue. But neither the substantive or procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Garcia Raymundo are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

1.    **Background**

In September 2002, Garcia Raymundo illegally crossed into the United States at or near Sonora, Arizona. Dkt. No. 1-2 at 1. Garcia Raymundo has no criminal convictions and has four minor U.S. citizen children. Dkt. No. 1 ¶ 44. In December 2025, ICE detained Garcia Raymundo in Oklahoma. *Id.* ¶ 15. She was soon placed into removal proceedings with a Notice to Appear, which charged her with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 1-2 at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i).

Garcia Raymundo is held without bond and neither requested nor received a bond hearing. Dkt. No. 1 ¶ 15. That is because the BIA's recent opinion in *Matter of Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Instead, Garcia Raymundo filed a petition for a writ of habeas corpus. Dkt. No. 1.[1] The petition states two claims for relief. First, Garcia Raymundo alleges that her detention without bond violates the INA. *Id.* ¶¶ 48–50. Second, she contends that her detention without bond violates her due process rights. *Id.* ¶¶ 51–54.

---

[1] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Garcia Raymundo's petition does not present an exhaustion problem. *Id.*

– 2 –

The Court ordered the respondents to show cause why Garcia Raymundo's petition should not be granted. Dkt. No. 4; *see* 28 U.S.C. § 2243. The respondents answered (Dkt. No. 9) and Garcia Raymundo replied (Dkt. No. 10). The petition is ripe for review.

While litigation was underway in this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

At the time of the filing of this petition, Garcia Raymundo was detained at Bluebonnet Detention Facility in Anson, Texas. Dkt. No. 1 ¶ 1. ICE's Online Detainee Locator System indicates that she has since been transferred to Diamondback Correctional Facility in Watonga, Oklahoma. However, "[p]ersonal jurisdiction and venue are determined at the outset of litigation and are not affected by subsequent events." *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021). Thus, the Court retains jurisdiction over Garcia Raymundo's petition.

## 2. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3. Analysis

As noted above, Garcia Raymundo raises two claims in her habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 1 ¶¶ 48–54. As explained below, *Buenrostro-Mendez* forecloses Garcia Raymundo's statutory claim. Thus, the only claim left for consideration is her due process claim. The Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[2] Even so, the Court considers the arguments raised in Garcia Raymundo's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

– 4 –

A.    *Buenrostro-Mendez* forecloses Garcia Raymundo's INA claim.

Garcia Raymundo does not address whether she is an "applicant for admission" within the meaning of Section 1225(a)(1), but it is apparent that she is one. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Garcia Raymundo is an "alien." She is "present in the United States." And she "has not been admitted" because she did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that she be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Garcia Raymundo's INA claim fails.[3]

B.    **The Due Process Clause does not require the government to give Garcia Raymundo a bond hearing.**

Next is Garcia Raymundo's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 51–54. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Garcia Raymundo's arguments. She devotes only a few sentences to this claim, arguing that she "has a fundamental interest in liberty and being free from official restraint" and that her detention "without a bond redetermination hearing to determine whether [s]he is a flight risk or danger to others violates [her] right to due process." *Id.* ¶¶ 53, 54. She does not clarify whether her challenge is based on substantive or procedural due process. But either way, she is not entitled to relief.

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.2.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Garcia Raymundo has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").

Despite this, Garcia Raymundo relies on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 10 at 2–3. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7 (N.D. Tex. Dec. 30, 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege

and [have] no constitutional rights." *Id.*; *Thuraissigiam*, 591 U.S. at 138–39 ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted).  Critically, aliens who are released into the United States pending removal "are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139 (internal quotation marks omitted); *see* 8 U.S.C. § 1182(d)(5)(A) (noting that paroled aliens are not admitted and are "dealt with in the same manner as that of any other applicant for admission to the United States"); 8 C.F.R. § 1.2 (same).

In response, Garcia Raymundo relies on a case from a Magistrate Judge of this District that reached the opposite conclusion.  *Parada-Hernandez v. Johnson*, No. 3:25-CV-2729, 2025 WL 3465958 (N.D. Tex. Oct. 29, 2025), *R. & R. adopted*, 2025 WL 3463682 (Dec. 2, 2025).  That decision relied extensively on several district court opinions from the Western District of Texas, principally that of *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025).  There, the Western District distinguished *Thuraissigiam* as a case regarding due-process rights in matters of deportation, as opposed to detention.  *Id.* at 682. That court also cited the decisions of several circuit courts that analyzed Section 1226-based due-process claims.  *Id.* at 683.  On that reasoning, it applied *Mathews* and ordered the petitioner's release.  *Id.* at 685–88.  But *Lopez-Arevelo* is unpersuasive for several reasons.

First, *Lopez-Arevelo*'s characterization of *Thuraissigiam* is almost the reverse of the Supreme Court's reasoning and holding.  True, the *Thuraissigiam* petitioner did not seek "release from custody."  591 U.S. at 115.  He sought only to secure further opportunity for immigration relief.  *Id.*  But the Court denied the petitioner's due process claim in reliance on "more than a century of precedent."  *Id.* at 138.  Unsurprisingly, that long legal tradition,

which *Lopez-Arevelo* does not address, rested upon aliens seeking release from detention. *See, e.g., Nishimura Ekiu v. United States*, 142 U.S. 651, 660 (1892) (recognizing the baseline requirements and limits of habeas corpus for unadmitted aliens). Far from suggesting a divergence, *Thuraissigiam* reinforced a longstanding tradition that "an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application." 591 U.S. at 139 (quoting *Landon*, 459 U.S. at 32). That includes detention as much as it includes the underlying deportation proceeding.

Second, and relatedly, recent Supreme Court precedent suggests pre-removal detention cases are cut from the same cloth as *Thuraissigiam*. In *Demore*, the Supreme Court reasoned that "deportation proceedings 'would be in vain if those accused could not be held in custody pending the inquiry into their true character.'" 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). It therefore upheld a petitioner's mandatory detention "for the limited period of his removal proceedings" under Section 1226(c). *Id.* at 531. Congress provided process, and the petitioner in that case was not due anything more.

Third, the *Lopez-Arevelo* court errs in suggesting that due process is distinguished by "place—not status." 801 F. Supp. 3d at 684; *Ochoa v. Vergara*, ___ F. Supp. 3d ___, No. 1:26-CV-266, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (same). That suggestion cannot be squared with *Thuraissigiam*, which makes clear that "place" is not the relevant consideration and dismissed place-based distinctions as rendering the traditional admission-based system of due process for aliens "meaningless." 591 U.S. at 139. "On the contrary," it said, "aliens who arrive at ports of entry—even those paroled elsewhere in the country *for*

–9–

*years* pending removal—are treated for due process purposes as if stopped at the border." *Id.* (emphasis added) (internal quotation marks omitted).

Fourth, the case law upon which *Lopez-Arevelo* relies provides no persuasive reasoning in its favor. Only one of the circuit cases on which it relies provides its reasoning for applying the *Mathews* factors, and even that decision fails to consider the Supreme Court's emphasis on limited process articulated in *Thuraissigiam, Landon, Demore,* and many other cases. *Black v. Decker,* 103 F.4th 133, 147–51 (2d Cir. 2024) (adopting *Mathews* because of the consensus of other circuits and the Supreme Court's application of *Mathews* outside of the immigration context). In light of these considerations, *Lopez-Arevelo* fails to persuade. *See also Diaz Patino v. Villegas,* ___ F. Supp. 3d ___, No. 1:25-CV-276, 2026 WL 673166, at *4–5 (Mar. 9, 2026) (same).

With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Garcia Raymundo is not entitled to a bond hearing as a matter of procedural due process.

### 4. Conclusion

In short, Garcia Raymundo, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez,* 166 F.4th at 498. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on April 13 , 2026.

_____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE